**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **Christina Cruz,** | **Case No:** |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| **University of New Mexico, a New Mexico political subdivision, d/b/a Board of Regents of the University of New Mexico, and UNM Medical Group, Inc., a New Mexico nonprofit corporation,** | **Judge:** |
| **Defendants**. | |

**COMES NOW** the Plaintiff, Christina Cruz (hereafter referred to as "Plaintiff," or "Cruz"), by and through undersigned counsel, The Counxel Legal Firm (Andrew N. Morrow Esq.) and hereby files this Complaint against the Defendants, the University of New Mexico, d/b/a Board of Regents of the University of New Mexico and UNM Medical Group, Inc. (hereafter collectively referred to as "Defendants," or "UNM" unless specifically designated separately) for violations of 42 U.S.C.A § 2000e *et seq.*, "Title VII of the Civil Rights Act" or "Title VII." In support of this Complaint, Plaintiff hereby states, avers and alleges as follows:

1

## NATURE OF THE ACTION

1. This is a civil action brought by Christina Cruz against the Defendants, the University of New Mexico, a political subdivision of the State of New Mexico organized for educational purposes, d/b/a Board of Regents of the University of New Mexico and UNM Medical Group, Inc., a New Mexico non-profit corporation organized by the University of New Mexico for the purposes of operating various medical service providers such as, but not necessarily limited to, hospitals and clinics of various kinds.

2. This civil action is initiated against the Defendants for violations of Title VII of the Civil Rights Act, specifically for discrimination against the Plaintiff on the basis of her religious beliefs.

3. This civil action involves two causes of action, pled in the alternative to each other, that either the Defendants discriminated against the Plaintiff unlawfully in her employment by terminating her employment for discriminatory reasons or under a discriminatory purpose related to Plaintiff's religion or that the Defendants discriminated against the Plaintiff by unlawfully failing to hire or rescinding Plaintiff's offer of employment for discriminatory reasons or under a discriminatory purpose related to Plaintiff's religion.

4. Plaintiff had a bona fide religious belief, this religious belief conflicted with an employment requirement promulgated by the Defendants, the Plaintiff informed the Defendants of this bona fide religious belief and Defendants engaged in an adverse employment action for Plaintiff failing to comply with the Defendants' employment requirement.

5. Plaintiff sought and offered potential accommodations for her bona fide religious belief to the Defendants, which Defendants rejected or ignored without reason, and those potential accommodations did not present an undue burden to Defendants.

6. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

**JURISDICTION AND VENUE**

7. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

8. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C.A. § 2000e-5 *et seq*.

9. Venue is proper in this District and this Court as all acts and omissions complained of took place within the State of New Mexico.

10. This Court has jurisdiction over the Parties as all Parties reside or have their principal place of business within the jurisdiction of this Court.

11. Plaintiff has hereby exhausted her administrative remedies in this matter and initiates this action within the statutorily prescribed timeframe laid out in 42 U.S.C.A. § 2000e-5 *et seq*.

12. Upon information and belief, if discovery reveals that Defendants have organized one or more affiliate organizations or corporations which are not yet a Party to this action and that other affiliate organization or corporation is the true perpetrator of the acts and omissions which give rise to this Complaint then the acts and omissions of that non-Party affiliate of Defendants are imputable and attributable to the named Defendants.

13. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## NOTICE

14. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

15. Notice of the commencement of this action is given to the Defendants by service of process upon the Defendants' Registered Agents in New Mexico.

16. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## AUTHORITY

17. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

18. Authority to bring this action is vested in private individuals who have exhausted their administrative remedies and who bring actions such as this within the statutorily prescribed timeframe by the provisions of 42 U.S.C.A. § 2000e-5 *et seq*.

19. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## THE DEFENDANTS

20. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

21. Upon information and belief, Defendant University of New Mexico d/b/a Board of Regents of the University of New Mexico is a public university in the State of New Mexico, a political subdivision of the State of New Mexico.

22. Upon information and belief, Defendant UNM Medical Group, Inc. is a non-profit corporation organized and having its principal place of business within the State of New Mexico.

23. Upon information and belief, UNM Medical Group, Inc. has been organized and maintained by Defendant University of New Mexico d/b/a Board of Regents of the University of New Mexico for the purposes of providing medical services through establishments such as, but not necessarily limited to, hospitals and clinics.

24. Upon information and belief, all acts and omissions complained of which were perpetrated by Defendant UNM Medical Group, Inc. are attributable to Defendant University of New Mexico d/b/a Board of Regents of the University of New Mexico and vice versa such that each Defendant is liable for the acts and omissions of the other.

25. Upon information and belief, if discovery reveals that Defendants have organized one or more affiliate organizations or corporations which are not yet a Party to this action and that other affiliate organization or corporation is the true perpetrator of the acts and omissions which give rise to this Complaint then the acts and omissions of that non-Party affiliate of Defendants are imputable and attributable to the named Defendants.

26. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## STATUTORY AND REGULATORY BACKGROUND

27. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

28. Title VII of the Civil Rights Act is designed to accomplish the policy of the United States, to prohibit discrimination in employment on the basis of an individual's race, color, religion, sex or national origin. 42 U.S.C.A. § 2000e-2 *et seq*.

29. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

*Prohibition of Employment Discrimination*

30. Section 2000e defines "person" as one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees or receivers.

31. Section 2000e defines "employer" as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. The United States, wholly owned corporations of the United States, Indian tribes and departments or agencies of the District of Columbia and bona fide membership clubs exempt from taxation under Section 501(c) of Title 26 are not defined as "employers" by 2000e as provisions for those entities are accounted for by other statutes.

32. Section 2000e defines "employee" as an individual employed by an employer except for elected officials, the staff of elected officials or political appointees or advisers to such political appointees.

33. Section 2000e defines "religion" as all aspects of religious observance and practice, as well as belief. A religious accommodation must be reasonable and an employer is not required to engage in a reasonable accommodation of religious belief if it imposes an undue hardship on the employer's business.

34. "Undue hardship" is not defined in Title VII of the Civil Rights Act but is defined in the jurisprudence of the United States Supreme Court, which is applicable in the Tenth Circuit, as being an imposition of substantial additional costs or substantial expenditures. <u>Groff v. DeJoy</u>, 600 U.S. 447, 143 S.Ct. 2279 (2023).

35. Section 2000e-2(a) defines an "unlawful employment practice" as being when an employer fails or refuses to hire, or discharges, any individual or otherwise discriminates against, limits, segregates or classifies any individual in their compensation, terms, conditions or privileges of employment because of the individual's race, color, religion, sex or national origin.

*Who May Bring a Suit*

36. Section 2000e-5(f) authorizes private individuals who have initiated, engaged in and exhausted their administrative remedies through the Equal Employment Opportunity Commission ("EEOC") to initiate a civil suit within 90 days of receiving the Right to Sue Notice from the EEOC.

*Relief Available*

37. Section 2000e-5(g), other sections of Title VII of the Civil Rights Act and relevant case law provide for several remedies in a civil suit including, but not necessarily limited to:

    a. An injunction prohibiting the employer from engaging in the unlawful employment practice;

    b. Reinstatement or hiring of the employee;

    c. Back pay and front pay;

    d. Compensatory damages;

    e. Punitive damages; and,

    f. Attorneys' fees and court costs.

## **GENERAL ALLEGATIONS**

38. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

39. Plaintiff is a psychologist, trained and licensed to perform all the tasks and treatments that a psychologist is capable of doing and performs those tasks and treatments regularly and often performs those tasks and treatments remotely.

40. Plaintiff is a member of and adherent to the traditional religion of the Chiricahua Nde people, otherwise known as the Apache, and holds the tenets of the Apache people as bona fide religious beliefs.

41. The specific tenet of the traditional religion of the Apache people that is relevant to this action revolves around medical treatments.

42. Plaintiff's religion prohibits all invasive medical treatments, either through medication, injections, surgeries or physical manipulation, unless under the most immediately extreme and life-threatening circumstances.

43. Plaintiff was a resident of California who, in or about October of 2021, became aware of a job posting opened by Defendants for a psychologist to work in the University of New Mexico hospital and operated by Defendants.

44. Plaintiff applied for, interviewed for and was selected for the position.

45. On February 8th, 2022, during the on-boarding process, Plaintiff received a medical clearance for her position after discussing her religious beliefs about vaccination. The only requirements imposed through this medical clearance were to wear Nitrile gloves, as needed, and to wear a respirator, as needed.

46. On March 18th, 2022, Defendants, through an agent or employee of Defendants on Defendants' Talent Acquisition team or department, provided Plaintiff with a start date of April 18th, 2022 and instructed Plaintiff to provide her notice at her then job.

47. From March 18th to April 12th Plaintiff quit her previous job, moved to New Mexico and settled into a life near her new place of work, ready to begin promptly on April 18th, 2022.

48. On April 11th, 2022, Plaintiff received a communication from the UNM Covid-19 Call Center with instructions on finalizing her safety precautions due to being a new arrival from a different state.

49. On April 12th, 2022, an agent for Defendants contacted Plaintiff and informed Plaintiff that the previously issued medical clearance was incorrect and she needed to go through a

different process with Occupational Health Services and Human Resources in order to obtain a waiver and accommodations surrounding Defendants' vaccine mandate policy.

50. Plaintiff applied to Defendants' Occupational Health Services and Human Resources departments for all applicable exemptions, waivers and accommodations regarding Plaintiff's incapability of submitting to Defendants' policies on vaccination and testing.

51. April 18th, 2022, Plaintiff's start date came and while Plaintiff believed that she had started to be employed, Defendants delayed Plaintiff's official start date administratively while processing Plaintiff's exemption and accommodation requests.

52. On April 20th, 2022, Defendants, through an agent, informed Plaintiff that the only available option for an exemption from Defendants' mandate on vaccines was to submit to weekly invasive testing and that there was no possible exemption to this weekly testing requirement.

53. On April 20th, 2022, Plaintiff submitted an exemption outlining her bona fide religious beliefs and request for accommodations to the Defendants' vaccine policy, including the Defendants' testing policy.

54. On April 21st, 2022, Plaintiff communicated to Defendants that she was still waiting to be cleared to report to the job site but had complied with all medical clearance requirements until then and was inquiring about the processing of her exemption requests.

55. On April 21st, 2022, Defendants, through an agent, informed the Plaintiff that Defendants would not accept Plaintiff's exemption and accommodation request, that Plaintiff's request

10

for exemption, waiver or accommodation made on the grounds of her bona fide religious beliefs was denied and Plaintiff's medical clearance was on hold.

56. On April 21st, 2022, Defendants, through an agent, informed Plaintiff that Defendants' position was that Plaintiff's request to waive weekly testing was not a reasonable accommodation as it, Defendants claimed, posed an undue burden on Defendants due to a claim of health risks, not costs or efficiency. Defendants demanded that Plaintiff comply or Defendants would "rescind the offer" to Plaintiff.

57. On April 21st, 2022, Plaintiff informed Defendants that Plaintiff believed that Defendants requirements *and* offered accommodation were both violative of the law regarding religious beliefs in employment and accommodations and were impermissibly discriminatory.

58. On April 24th, 2022, Defendants, through an agent, informed Plaintiff that Defendants would not accommodate Plaintiff, would not honor Plaintiff's bona fide religious beliefs and would not honor any further discussion on an exemption or waiver of the requirements or discussion of Plaintiff's other suggested accommodations.

59. On April 24th, 2022, Defendants informed Plaintiff that Defendants "rescinded" Plaintiff's employment offer.

60. On or about July 8th, 2022, Plaintiff filed Charges of Discrimination with the EEOC, within the statutorily prescribed timeline from the date of discrimination.

61. Plaintiff received her Right to Sue notices from the EEOC on August 10th, 2023.

62. Plaintiff initiated this suit within the statutorily prescribed timeline of 90 days from August 10th, 2023.

11

63. Plaintiff hereby alleges that she is an employee within the meaning of Title VII of the Civil Rights Act.
64. Plaintiff hereby alleges that Defendants were Plaintiff's employer within the meaning of Title VII of the Civil Rights Act.
65. Plaintiff hereby alleges that Defendants engaged in impermissible discrimination in employment against Plaintiff based on Plaintiff's bona fide religious beliefs without justification for Defendants' actions.
66. Plaintiff hereby alleges that the Defendants' employment policies regarding a vaccine mandate were impermissibly violative of Plaintiff's bona fide religious beliefs and therefore of Plaintiff's religious liberties and were wrong when enacted and enforced.
67. Plaintiff hereby alleges that Defendants' single option of accommodation for Plaintiff's bona fide religious beliefs were *also* impermissibly violative of Plaintiff's bona fide religious beliefs and therefore of Plaintiff's religious liberties and were wrong when enacted and enforced.
68. Plaintiff hereby alleges that the accommodations that Plaintiff suggested were not an undue burden on Defendants and were reasonable accommodations as the suggested accommodations imposed *no* additional costs or expenditures on Defendants and would not have negatively impacted Defendants' workplace efficiency in any way.
69. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## COUNT ONE: TITLE VII DISCRIMINATION IN EMPLOYMENT

70. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

71. Plaintiff hereby alleges that she was officially hired by Defendants on April 18th, 2022.

72. Plaintiff hereby alleges that she was officially terminated by Defendants on April 24th, 2022 despite Defendants' agent characterizing Plaintiff's termination as a rescission of offer.

73. Plaintiff hereby alleges that she had a bona fide religious belief regarding:

    a. Rejecting all non-invasive medical treatments, either through medication, injections, surgeries or physical manipulation, unless under the most immediately extreme and life-threatening circumstances.

    b. Plaintiff's bona fide religious belief is due to her membership in and subscribing to the beliefs of the traditional religion of the Apache people as attestable by clerics of the same religion.

74. Plaintiff hereby alleges that Defendants had an employment requirement consisting of:

    a. Submitting to mandatory vaccination against a certain disease, infection or pathogen colloquially referred to as "COVID-19;" or,

    b. Submitting to mandatory, invasive, weekly testing for the presence of the certain disease, infection or pathogen colloquially referred to as "COVID-19."

75. Plaintiff hereby alleges that her bona fide religious belief conflicted with the Defendants' employment requirement.

76. Plaintiff hereby alleges that she informed the Defendants of her bona fide religious belief.

77. Plaintiff hereby alleges that she was terminated from her employment for failing to comply with the Defendants' employment requirement.

78. Plaintiff hereby alleges that she discussed potential accommodations for her bona fide religious belief with the Defendants.

79. Plaintiff hereby alleges that the Defendants rejected all accommodations suggested by Plaintiff and insisted that Plaintiff comply with a single accommodation path mandated by Defendants which also conflicted with Plaintiff's bona fide religious belief.

80. Plaintiff hereby alleges that Defendants lacked a good faith basis for rejecting Plaintiff's proposed accommodations as Plaintiff's proposed accommodations did not impose an undue burden on the Defendants, therefore Defendants did not have a legitimate, nondiscriminatory reason for terminating Plaintiff.

81. Plaintiff hereby alleges that both Defendants' acts and omissions in discriminating against Plaintiff's bona fide religious beliefs *and* Defendants' mandated, single accommodation path violated Plaintiff's civil rights and Title VII of the Civil Rights Act and were wrong actions when undertaken.

82. Therefore, Defendants are liable to Plaintiff under Title VII of the Civil Rights Act.

83. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## COUNT TWO: TITLE VII FAILURE TO HIRE DISCRIMINATION

84. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

85. Plaintiff hereby asserts that Count Two is pled in the alternative to Count One if it is determined that Plaintiff was not officially hired on April 18th, 2022.

86. Plaintiff hereby asserts that, in the alternative, Plaintiff received a conditional offer of employment from Defendants which began a conditional period on April 18th, 2022, where Plaintiff was not fully hired by Defendants but began a conditional probationary period.

87. Plaintiff hereby alleges that Plaintiff's conditional probationary period was prematurely terminated by Defendants rescinding the conditional offer of employment on April 24th, 2022.

88. Plaintiff hereby alleges that she applied for a position of Defendants which was open and available for applicants.

89. Plaintiff hereby alleges that she was qualified for the position of Defendants by being a clinical psychologist.

90. Plaintiff hereby alleges that when she informed Defendants of her bona fide religious beliefs, Defendants demanded compliance with Defendants' requirements and terminated the offer when Plaintiff insisted on following her bona fide religious beliefs.

91. Plaintiff hereby alleges that she was rejected under circumstances which give rise to an inference of unlawful discrimination by Defendants' clear and unqualified rejection of

Plaintiff's invoked bona fide religious beliefs and rejection of all proposed accommodations.

92. Plaintiff hereby alleges that she discussed potential accommodations for her bona fide religious belief with the Defendants.

93. Plaintiff hereby alleges that the Defendants rejected all accommodations suggested by Plaintiff and insisted that Plaintiff comply with a single accommodation path mandated by Defendants which also conflicted with Plaintiff's bona fide religious belief.

94. Plaintiff hereby alleges that Defendants lacked a good faith basis for rejecting Plaintiff's proposed accommodations as Plaintiff's proposed accommodations did not impose an undue burden on the Defendants and therefore Defendants did not have a legitimate, nondiscriminatory reason for refusing to hire Plaintiff.

95. Plaintiff hereby alleges that both Defendants' acts and omissions in discriminating against Plaintiff's bona fide religious beliefs *and* Defendants' mandated, single accommodation path violated Plaintiff's civil rights and Title VII of the Civil Rights Act and were wrong actions when undertaken.

96. Therefore, Defendants are liable to Plaintiff under Title VII of the Civil Rights Act.

97. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## **PRAYER FOR RELIEF**

**WHEREFORE,** on the basis of the preceding allegations, the Plaintiff hereby prays that this Court grant the Plaintiff the following relief:

1. Grant judgment against Defendants on all counts hereby pled and under all applicable theories of damages including, but not necessarily limited to, actual, compensatory, consequential and punitive damages in an amount to be determined at trial but for not-less-than $1,0000,000;

2. Enjoin Defendants from engaging in the complained-of discriminatory practices;

3. Grant Plaintiff an award of all costs and attorneys' fees incurred in this action as allowed by all applicable law;

4. Award Plaintiff any and all other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of November, 2023.

                                                       **COUNXEL LEGAL FIRM**

                                                       */s/ Andrew Morrow*
                                                       Andrew N. Morrow Esq.
                                                       2222 S. Dobson Rd. Suite 1104
                                                       Mesa, AZ  85202
                                                       *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8th, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing. A copy of the foregoing document is also being personally served upon the Defendants at their address of record as known to the Plaintiff:

University of New Mexico
d/b/a Board of Regents of the University of New Mexico

1800 Roma Ave NE
MSC 05-3310 Rm 152
1 University of New Mexico
Albuquerque, NM 87131

UNM Medical Group, Inc.

1800 Roma Ave NE
MSC 05-3310 Rm 152
1 University of New Mexico
Albuquerque, NM 87131


Sandi Matteson
Paralegal for Andrew N. Morrow Esq.

/s/ *Sandi Matteson*