IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHRISTINA CRUZ,**

    **Plaintiff,**

    v.                                                  No. 2:23-CV-00986 GJF/KRS

**UNIVERSITY OF NEW MEXICO, a New Mexico**
**Political subdivision, d/b/a BOARD OF REGENTS**
**OF THE UNIVERSITY OF NEW MEXICO, and UNM**
**MEDICAL GROUP, INC., a New Mexico non-profit**
**Corporation,**

    **Defendants.**

## STIPULATED PROTECTIVE ORDER

    This matter having come before the Court on the joint stipulation and agreement of the parties to allow the inspection by the parties of certain records, material and information, and the Court being advised that such production will include certain information that is private and confidential and that disclosure of such information may or will invade the confidentiality and privacy rights of the parties, the Court finds that this Stipulated Protective Order is needed to protect such rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding. Therefore, the Court hereby makes and enters the following Stipulated Protective Order protecting the confidentiality of certain documents and information in paper or electronic form which is or may be within the knowledge of the parties and which may be subject to discovery in this lawsuit.

    IT IS THEREFORE ORDERED:

    1.    This Stipulated Protective Order shall govern the use and/or production and

disclosure of certain records, information, documents, tangible things and materials (hereafter the "Confidential Material") which may be produced or disclosed during this litigation. A producing party shall designate Confidential Material, other than deposition transcripts, either by setting forth in a cover letter with any Confidential Material produced that such material is Confidential Material, or by placing a cover sheet on the front of the Confidential Material produced, with the word "Confidential" typed, written or printed on such cover sheet, or by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL," on the document and on all copies in a manner that will not interfere with the legibility of the document.  The identification of Confidential Material in either of these fashions shall mean that all materials or information produced with such cover letter or cover sheet shall be "Confidential Material" unless the producing party indicates otherwise;

     2. This Stipulated Protective Order shall govern the use and/or production and disclosure of:  Medical records, mental health records, behavioral health records which may be produced or disclosed during this litigation;

     3. The Confidential Material shall be disclosed only to the parties (or their officers, attorneys, employees or agents to whom it is reasonably necessary that such information be shown in the preparation for settlement negotiations, mediation and/or for trial of this action), attorneys for named parties in this action (including their employees and independent contractors), and outside expert witnesses and consultants employed by the parties or their attorneys for this action.  All such persons shall use such Confidential Material solely in the preparation for mediation, settlement negotiations and/or at the trial of this action and for no other purpose.  All outside expert witnesses and consultants employed for this action shall be

bound by this Order. The parties agree to be bound by the terms of the Order and to be subject to the jurisdiction of this Court;

      3(a).    With regard to documents or information designated as Confidential Material under Section 2, Defendant's counsel shall be permitted to inspect and retain copies of the documents designated as Confidential Material under Section 2 of this Order pursuant to the terms of this Order.

      3(b).    An inadvertent failure to designate a document as Confidential Material does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Material.

      4.    Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit;

      5.    Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Order;

      6.    Nothing contained in this Order shall preclude the producing party of any Confidential Material from using that Confidential Material produced by that party in any manner the producing party sees fit, or from revealing the Confidential Material to whomever the producing party chooses, without prior consent of any receiving party or of this Court;

7.     The Order shall continue in full force as to all of the parties and persons subject to this Order during the pendency of this action;

8.     Confidential Material may be disclosed to deponents during the course of their depositions.  However, the attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge such confidential material to any other person.  The deponent will be under the same restrictions with respect to the Confidential Material as all of the parties hereto.  Further, with respect to any deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential, and no portion of any deposition transcript deemed confidential shall be disclosed to any person except the deponent, and those persons described in paragraph 2 of this Order;

9.     The parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court. In the event a party seeks to file any documents containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate, (e.g. in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing

confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

11. Nothing contained in this Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing by stipulation exceptions to this Order.

_____
THE HONORABLE KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

Approved and agreed to:

*/s/ Andrew N. Morrow*
Counxel Legal Firm
Andrew N. Morrow, Esq.
2222 S. Dobson Rd., Suite 1104
Mesa, AZ 85202
amorrow@counxel.com
*Attorney for Plaintiff*

*/s/ Debra J. Moulton*
Debra J. Moulton
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg 3, Suite 200
Albuquerque, NM  87110
dmoulton@kmwpc.com
*Attorneys for Defendants*