IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHRISTINA CRUZ,**

    **Plaintiff,**

    v.                                No. 2:23-CV-00986 GJF/KRS

**BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO, a body
corporate of the State of New Mexico, for
itself and its public operations, including the
UNIVERSITY OF NEW MEXICO HOSPITAL,**

    **Defendants.**

### **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW Defendant Board of Regents of the University of New Mexico, by and through counsel of record, Kennedy, Moulton & Wells, P.C., by Debra J. Moulton, and hereby submits its Response to Plaintiff's Motion to Compel:

### **INTRODUCTION**

Defendant responded to Plaintiff's first set of discovery on August 5, 2024, an extension that was agreed to between the parties. ON August 9, 2024, Plaintiff sent a letter discussing concerns related to four of the Requests for Production, specifically Requests for Production No. 2, 7, 8 and 10. Defendant responded to Plaintiff's letter on August 14, 2024, explaining the Defendant's position that that Requests 7, 8 and 10 are extraordinarily broad and unfocused, would result in voluminous production and would take countless hours to determine all responsive documents, most of which will have little to do with this case. Defendant did, however, agree to do an email search between October of 2021 and April of 2022 with search terms identified by Plaintiff and the email boxes to be searched. There are thousands of email

boxes within the *salud.unm.edu* system and searching the entire system would be burdensome. However, Plaintiff's counsel indicated he would not know which email boxes to search and declined to provide search terms. Thereafter, Plaintiff filed a Motion to Compel.

## I. RELEVANT LAW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information is "relevant" under Rule 26(b)(1) when it bears on or could reasonably lead to other matters that bear on any issues that is or may be in the case. *Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Tolbert v. Gallup Indian Med. Ctr.*, 555 F. Supp. 3d 1207, 1233 (D.N.M. 2021) (analyzing *Oppenheimer Fund* definition in light of edits to the Rules). Proportionality, as described in Rule 26, requires the Court to compare the parties' requests to the circumstances of the case. *See*, Fed. R. Civ. P. 26(b)(1). Thus, the broad scope of "relevance" is tempered by the requirements of proportionality.

Courts are not required to permit "fishing expeditions" –wide-ranging, speculative discovery inquiries intended to catch as much information as possible in the hope that the requesting party will find information to support its claim. *See McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002) (unpublished).

Plaintiff has one claim—that Defendant discriminated against her because of a sincerely held religious belief.

## II.  LEGAL ARGUMENT

Request for Production No. 2 requested: "all tangible materials, including recordings (audio and/or video), correspondence documents and/or any written or printed materials, including but not limited to, personal notes, emails, diaries, journals, and pocket or desk calendars, in your possession, custody, or control which related to, reflect, mention or concern the Plaintiff in this matter, Christina Cruz, in any way, shape, or form."

Emails related to Plaintiff's hiring and her subsequent refusal to agree to the weekly testing requirement in the Governor's Public Health Orders have already been produced as Initial Disclosures.  Additionally, there is realistically no efficient way to search for recordings (audio or video), correspondence (other than emails or correspondence attached to emails), documents and/or any written or printed materials, including personal notes, diaries, journals, and pocket or desk calendars for every person at UNMH.  As communicated to counsel for Plaintiff, Defendant is willing to conduct a search for emails dated October of 2021 through April of 2022 with search terms provided by Plaintiff and with information about whose email boxes she would like to have searched.  As noted, there are thousands of email boxes within the *salud.unm.edu* system and conducting searches in each and every one of them would be burdensome and, more significantly, not relevant.  In response, counsel for Plaintiff stated what they are seeking here is the "internal discussions about justification and so on that went into the decision to deny my client's requests" and that he does not know who was on those discussions, or the day, or the time.  A search of the emails that have been produced and the emails that Plaintiff herself has produced in her Initial Disclosures would be instructive as to who was involved in the decision to rescind the job offer. Additionally, Defendants responded to Interrogatory No. 19 with the names of six individuals who had information regarding the Plaintiff's allegations.  Again,

3

Defendant is willing to conduct a search of specific mailboxes identified by the Plaintiff between October of 2021 and April of 2022 if Plaintiff will identify the search terms.

Request for Production No. 7 requests "all tangible material, including recordings (audio and/or video), correspondence, documents and/or any written or printed materials, including but not limited to, personal notes, emails, diaries, journals, and pocket or desk calendars, in your possession, custody, or control which related to, reflect, mention or concern UNM's response to and decision-making around the "Public-Health Order" cited by Defendant as controlling in this matter, in any way, shape or form."

The Public Health Orders were provided in Defendant's Initial Disclosures.  The link to both Orders had been provided in an email from Ted Padilla, the Senior Talent Acquisition Partner, in an email on April 24, 2022.  Again, there is realistically no efficient way to search for recordings (audio or video), correspondence (other than emails or correspondence attached to emails), documents and/or any written or printed materials, including personal notes, diaries, journals, and pocket or desk calendars for every person at UNMH.  A search of thousands of email boxes for emails that relate to, reflect, mention or concern UNMH's response to and decision making around the Public Health Orders will be much too voluminous. The vast majority of emails will likely provide information about how the Public Health Orders will be implemented, the process that UNMH has set up to enforce the Public Health Orders and the system created to track and ensure that all employees are either vaccinated or weekly tested. Most of the boxes searched will be for individuals who had no decision making or response authority related to the Public Health Orders.  As such, the search is merely a fishing expedition and is not proportional to the needs of the case.  Finally, such a search would take countless

hours for production, review to exclude privileged or private health information, and redaction of same.

Request for Production No. 8 requests "all tangible material, including recordings (audio and/or video), correspondence, documents and/or any written or printed materials, including but not limited to, personal notes, emails, diaries, journals, and pocket or desk calendars, in your possession, custody, or control which related to, reflect, mention or concern vaccines against the Covid-19 virus in any way, shape or form."

Again, there is realistically no way to efficiently search for recordings, either audio or video, correspondence, documents and or any other written printed materials, including personal notes, diaries, journals, and pocket or desk calendars for every person at UNMH. Also, to search for emails with vaccines against the Covid-19 virus will likely identify a plethora of links to academic articles, statistical analysis of state and national trends, and almost nothing that is relevant to Plaintiff's case.

Request for Production No. 10 requests "all tangible material, including recordings (audio and/or video), correspondence, documents and/or any written or printed materials, including but not limited to, personal notes, emails, diaries, journals, and pocket or desk calendars, in your possession, custody, or control which related to, reflect, mention or concern the Defendant's response to the Covid-19 pandemic, in any way, shape or form."

There is realistically no way to efficiently search for recordings, either audio or video, correspondence, documents and or any other written printed materials, including personal notes, diaries, journals, and pocket or desk calendars for every person at UNMH. Secondly, how is the Defendant to run a search for emails that would identify Defendant's response to the pandemic? Thirdly, the subject matter of this search is far beyond the scope of what this case is about and is

5

not relevant. The Court should not order the indiscriminate production of possibly relevant and irrelevant information just so Plaintiff can decide, after they have it, what they need.

The costs of responding to Plaintiff's requests would be enormous. Producing every email in the *salud.unm.edu* system about the Public Health Order, Covid-19 vaccines and UNM's response to the pandemic would take countless hours, not just in the costs of the searches themselves, but in the cost of review of thousands and thousands of pages of document that have absolutely no relevance to the Plaintiff's claim.

Without some significant and principled narrowing of the scope, of Requests for Production 7, 8 and 10, Plaintiff's request appears to be an exercise in futility. Moreover, given their breadth, these requests comprise a fishing expedition, seeking large amounts of unfocused information and sweeping more broadly than necessary to litigate Plaintiff's specific claim and would unreasonably impose an enormous burden on Defendant.

### III. CONCLUSION

Defendant has proposed a resolution to the Motion to Compel as it relates to Request for Production No. 2 and requests that the Court order Plaintiff to provide the search terms and email boxes to be searched. Defendant further requests that the Court deny the Motion to Compel as it relates to Requests for Production No. 7, 8 and 10.

      KENNEDY, MOULTON & WELLS, P.C

      */s/ Debra J. Moulton*
      DEBRA J. MOULTON
      Attorney for Defendant
      2201 San Pedro NE, Bldg. 3, Suite 200
      Albuquerque, New Mexico 87110
      (505) 884-7887

I HEREBY CERTIFY that a true and correct copy of the foregoing sent via CM/ECF to:

Counxel Legal Firm
Andrew N. Morrow, Esq.
2222 S. Dobson Rd., Suite 1104
Mesa, AZ 85202
amorrow@counxel.com
*Attorney for Plaintiff*

on this 28th day of August 2024

*/s/ Debra J. Moulton*
DEBRA J. MOULTON